State ex rel. Pintado v. Judge of the Fifteenth Judicial District.

## No. 4620.

STATE ex rel. E. G. PINTADO *v.* JUDGE OF THE FIFTEENTH JUDICIAL DISTRICT.

Under sections 2595, 2605, R. S., relative to contested elections and the whole tenor of the intrusion law, defendant in the court below, and relator here on application for a mandamus, could waive the delay for answering and have a day designated for trial without waiting until issue was joined by said answer. Whether the nature of the defense developed in the answer when filed would have authorized a continuance on behalf of the plaintiff is not a question in this case. If the plaintiff is debarred from asking for a jury to be summoned and for a continuance to that effect, it is by his own fault. There was no legal and valid reason for continuing the case as was done, and the plaintiff had no right to a trial by jury as was accorded to him, inasmuch as he did not ask for one in his petition and procured the discharge of a jury that was present, to whose sufficiency and competency as jurors no objection was made, and by whom the defendant in the court below and relator here expressed a willingness to have his case tried immediately. Plaintiff's subsequent application for a jury was obviously for delay. The law makes this class of cases summary in form of proceeding. For these reasons the mandamus prayed for is made peremptory and the judge a quo is ordered to set down relator's case for trial by preference over all other cases and without a jury on the second day of the regular term of his court, April 8, 1873, and to have notice thereof immediately given to the parties.

APPLICATION for a Mandamus against the Judge of the Fifteenth Judicial District, parish of Assumption. *James Augustin,* for relator. *Judge Beattie,* in *propria persona.*

Justices concurring: Ludeling, Taliaferro, Howell, Morgan.

HOWELL, J. The relator alleges that on the fifth of February, 1873, in the suit of the State represented by the district attorney *pro tempore* *v.* E. S. Pintado, No. 1893 of the docket of the district court for the parish of Assumption, he was injoined from acting as the clerk of the court of said parish, for which he held a commission, or interfering with E. L. Hebert as such clerk, in whose behalf the said suit was instituted under the intrusion law, and who signed the said writ of injunction; that on the fifteenth of said month, while his answer was in course of preparation, being anxious to have his title to said office adjudicated upon immediately, he petitioned the judge of the district court, under section 2605 R. S., to designate a day for the hearing of said cause at chambers; that the judge thereupon called a special term of the court on the third of March, 1873, and, upon his own motion, ordered a special jury to be drawn for said special term, in accordance with sections 1426, 1427 and 1428 R. S., relating to contested elections; that on said day, being ready for trial and having filed his answer, he was met by an exception to a trial on the part of the district attorney *pro tempore,* on the ground that the order of the fifteenth of February, "directing a special term of the court to be holden on the third March, 1873, and ordering a jury to be impanneled for said special term was improvidently granted, the same having been rendered *ex parte* and *ex officio,* before either or any of the parties to the proceeding had prayed for a jury trial herein, and before the cause was at issue in any manner, and before any legal notice was given to

any of the parties intrusted herein, nor has any legal notice been given to the parties intrusted since said order was granted. Wherefore exceptor; alleging that the cause is not yet at issue, prays that the said order of the fifteenth of February, 1873, be rescinded and .set aside, and now exceptor, plaintiff herein, prays for a trial by jury in this case, and that this court do now order the holding of a special term of this court for a trial of this cause on legal notice being given to the parties interested, and that a special jury be now summoned according to law to try the same, and for all and general relief; " that in reply to said exception relator urged a trial on that or the next, or any early day, being willing to try the case either before the court or a jury, as a jury was present, although irregularly ordered, and although plaintiff's prayer for a jury was too late, not having been made in the original petition as is necessary in these summary cases ; that the district judge refused to try the case, rescinded the order of the fifteenth February, discharged the jury in attendance and ordered the case to stand until the next regular term of the court, beginning on the first Monday, the seventh day of April, 1873; that he has cause to apprehend a mistrial or another continuance at the April term from the fact, among others, that the said district attorney *pro tempore* has instituted suit, under the intrusion law, against the sheriff of said parish and his competitor, thereby making the sheriff as well as the clerk interested parties, and he prays for a mandamus to compel the district judge to fix the said case for trial at chambers without a jury and upon ten days notice, or if plaintiff be entitled to a jury under the circumstances, then that the case be fixed for trial at chambers before a special jury for the purpose, within ten days.

The judge says that the facts stated by the relator are correct so far as he knows, but under his interpretation of the ruling in the case of the State v. Head, 22 An. 54, no jury could be ordered except when prayed for, and that when prayed for, a special term under section 1932 R. S. must be called ; that the answer was only filed on the third March, and the case could not be fixed for trial until the answer was in, and until the case was fixed for trial all parties had a right to trial by jury; that he refused to call a special term because there was not the necessary time to give the notices required by law before the regular session, which begins on the first Monday in April, and that he can not state whether or not a jury, which he granted can be had at the said April term.

The first and principal question necessary for decision in this proceeding is, did the relator, defendant in the suit below, have the right to have the case set down for trial before he filed his answer; and, secondly, did such action debar the plaintiff therein from asking for a jury to be summoned, and a continuance for the purpose ?

State ex rel. Pintado v. Judge of the Fifteenth Judicial District.

Both questions, we think, should be answered in the affirm:tive. Section 2595 R. S. declares that such cases are "to be tried with preference over all other cases, without being fixed for trial after issue joined;" and section 2605 provides that they "may be tried before the district judge in chambers, or at a special term called by said judge on legal notice being given the parties interested; and if required by either party, the judge may order a special jury, to be summoned according to law, to try such case."

There can be no doubt that, if the defendant in said case, the relator here, had filed his answer when he asked the judge to designate a day for the trial of the case, the plaintiff's right to demand a jury on the day so fixed for trial would have lapsed under the general rules relating to jury trials in civil cases. And we think it clear from the foregoing provisions and the whole tenor of the intrusion law that the said defendant could waive the delay for answering and have a day designated for the trial without waiting until issue was joined. Whether the nature of the defense developed in his answer when filed would have authorized a continuance on behalf of the plaintiff is not a question in this case. The plaintiff had the opportunity and the right to ask for a jury in his original petition. And whether the judge had the right of his own motion to order a jury it is unnecessary now to decide. There was a jury in attendance to whose sufficiency and competency as jurors no objection was made, and the defendant expressed a willingness to have the case tried immediately before them, and it may be that the judge could have ordered the trial to proceed before the said jury if he believed a jury trial right and important. Be that as it may, we are clear in the opinion that there was no valid, legal reason for continuing the case as was done, and that the plaintiff therein has no right to a trial by jury, as was accorded to him, inasmuch as he did not ask for one in his petition, and he procured the discharge of the jury that was present. His subsequent application as made was obviously for delay. The law makes this class of cases summary in form of proceeding. It is unnecessary to pass on any other questions presented by the judge, or as to how or where a jury is to be summoned, as the case will come on in the regular term, it must be tried under section 2595 R. S.

It is therefore ordered that the mandamus herein be made peremptory, and that the district judge set down the case of the State ex rel. Walter Guion, district attorney *pro tempore*, v. E. G. Pintado, No. 1893 of the docket of the district court for the parish of Assumption, for trial with preference over all other cases and without a jury, on Tuesday the eighth of April 1873, being the second day of the next regular term of said court, and that notice thereof be immediately given to the parties.

WYLY, J., *dissenting.* In my opinion this court has no authority to fix this case for trial in the district court on Tuesday, eighth April, 1873, because there is no law authorizing this court to fix cases for trial in the district court, and there is no law giving this court a supervisory control over the action of that court. Besides, according to the letter of the intrusion act no fixing is necessary by any court.

As the writ of mandamus can only be used in aid of the appellate jurisdiction of this court, that jurisdiction can be maintained if the case is tried on any day of the term as well as on Tuesday, the eighth April, 1873.

The law does not require the district judge to fix a particular day for the trial of this case, and this court ought not by mandamus to command him to do what the law does not require.

The law does not declare that the State, the prominent litigant in intrusion suits, shall forfeit the right of jury trial if not asked for in the petition; and this court ought not to enforce a forfeiture not prescribed by law.

Any ordinary litigant has the right, at least before issue joined, to amend his pleadings and pray for a jury or anything else. Why may not the State?

Because the law officer of the State, the district attorney *pro tem.*, neglected or failed to pray for everything he wanted in the petition, is the State to be barred from the common right of every suitor. The right to amend his pleadings before issue joined? I think not.

But it is contended that as the judge of his own motion ordered a jury, the State should have accepted it, and having refused it, the State had no right to pray for a special term and for a jury—that this shows that the object of the prayer was purely for delay. The jury called at chambers by the judge without the prayer of either of the litigants and before issue joined, was a jury not convened according to law and it was not obligatory on either of the litigants to accept it. Therefore no right was lost by refusing it. The charge that the sworn officer of the State, the district attorney *pro tem.*, is merely maneuvering for delay in demanding what is believed to be a legal right is, in my opinion, gratuitous.

The answer of the judge is that he designated the third March for trial at chambers. No special term was called or held. Therefore there was no fixing of the case at a term of the court.

The question is, had the State the right, before issue joined, to call for a special term and for a jury?

This was the question presented in the case of Head, 22 An. 54, and this court said: "The defendant in his answer prayed for a trial by jury, but the judge *a quo* refused to allow the same. In this we think

there was error. The act of 1868, No. 156, under which this action was instituted no where deprives the defendant of the general right to a jury. It is provided by the thirteenth section that ' all the cases coming under the provisions of this law may be tried by a judge of the district in chambers, or at a special term called by said judge, on legal notice being given to all parties interested ; and if required by either party the judge may order a special jury to be summoned according to law, to try such case.' We apprehend the meaning of this section to be that the cause may be tried in chambers if neither party asks for a jury, but if a jury be prayed for it will be necessary when a speedy trial is desired and a regular term is not in session, to appoint a special term and to summon a jury therefor under the power conferred by the last clause of the section."

In that case the defendant on the day designated for trial at chambers. filed his answer and prayed for a jury. In this case on the day designated for trial in chambers the plaintiff before issue joined, prayed for a special term and a jury. In that case this court considered that the judge erred in not continuing the case and calling a special term. Here the court holds that the judge erred in permitting the trial at. chambers to be delayed on account of the application for a special term and a jury.

In the light of the statute as interpreted by this court in the Head case, I do not think the district judge erred in delaying the trial at chambers in consequence of the application for jury, because this. court expressly decided the meaning of the law to be " that the cause may be tried in chambers if neither party asks for a jury, but if a jury be prayed for, it will be necessary when a speedy trial is desired and a regular term is not in session, to appoint a special term and summon a jury."

I believe the court in the Head case properly interpreted the law, and that either party when the case is set for trial at chambers may have a continuance and require a special term and a jury. The statute provides that the jury '' be summoned according to law.'' I understand this to mean that the jury must be convened according to law—that is, the jury must be convened at the general term or a special term of the court ; because there is law providing for a jury at such terms, and there is no law providing for a jury at chambers. Therefore a jury summoned at chambers would not be summoned or convened according to law.

I think the district judge committed no error ; that under the ruling in the Head case he properly deferred the trial at chambers, in consequence of the prayer for jury ; and finding that the regular term of his. court would arrive before a special term could be convened he did not

154 SUPREME COURT OF LOUISIANA,

State ex rel. Pintado v. Judge of the Fifteenth Judicial District.

err in delaying the case for trial at the regular term beginning April 7, 1873. Whether or not there will be a failure of a jury at that session remains to be determined when the court opens. If there should be a failure of a jury at said term, however, it will be the duty of the judge to call a special term. Until he fails to do so, the writ of mandamus should not be used against him.

I therefore dissent in this case.