Statement of the Case.
NICHOLES, J.
Upon the petition of Mor•ris R. Stewart, acting district attorney, supported by his oath, in which petition petitioner prayed “that this court cause a writ ■of mandamus to issue commanding J. B. Lee, judge ad hoe, in the ease of the State ex rel. Morris R. Stewart, Acting District Attorney, v. David J. Reid, No. 5295, of the •Civil District Court of the Parish of Calcasieu, to fix said cause for trial, and that .upon a final hearing that a peremptory writ of mandamus issue, and for all orders and ■decrees necessary in the premises, and for .general relief,” X B. Lee, judge ad hoc, was ordered to show cause why the writ of mandamus should not issue as prayed for. David J. Reid, defendant, was notified of the application and of the court’s order in the premises. The judge ad hoc and David X Reid have both filed answers.
In his petition for the writ of mandamus .relator averred that the case of State ex rel. Stewart, Acting District Attorney, v. David J. Reid, was one instituted to have defendant declared ineligible to hold the office ■of sheriff and tax collector of the parish of Calcasieu; that the Honorable E. D. Miller, .judge of the Fifteenth judicial district court -of the state of Louisiana, for the parish of Calcasieu, has been recused; that Honorable -J. B. Lee, of Mansfield, La., was appointed judge ad hoe to try said cause; that on the 25th of June, 1907, a mistrial was entered by the judge and the jury was discharged, and on that date in said cause, in open ■court, while the Honorable J. B. Lee was sitting as judge, relator moved to fix the said ■cause for July 22, 1907, a jury being drawn for that date to try cases, both civil and -criminal; that the Honorable J. B. Lee refused to permit relator to fix the case for said date and relator duly excepted thereto. Then relator moved to fix the cause at as early a date as was possible for the court to try the same, the exact date to be designated by the court. The court refused to fix any date, and gave as his reasons for doing so, which was excepted to by relatólas would appear by reference to extracts from the minutes of court which he declared he annexed.
Relator averred that he moved the Honorable J. B. Lee to sequester the jury, and that he pretended to allow relator’s motion, but permitted the jury to separate at night by allowing them access to the district courtroom, which was sufficiently large for the members of the jury to separate and discuss this ease, so that certain members of the jury could not hear their arguments and conversation; that relator had been reliably informed that the foreman of the jury appointed by the judge, together with three of the other jurors, voted in a manner so that a verdict was impossible, nine being required under the law to agree; that this case should stand fixed for trial, and should be tried and finally determined, and that the Honorable J. B. Lee is responsible for there being no verdict, and that it is the desire of the defendant that no verdict be rendered and that no court pass upon his ease; that the defendant refused to permit the trial court to decide the issue of this case and prayed for jury, and now by hanging juries is refusing to permit the case to go before the Supreme Court on appeal; that this case should be tried from day to day until a verdict is reached; that it is for the public interest and welfare of the state to have the ease disposed of, and show that no individual is so large and powerful that he may ignore the laws of the state and the courts of the state; that the Honorable J. B. Lee will not again fix this case for trial, unless he is compelled to do so, and under *887 the circumstances (Rev. Laws 1904, § 2605) he has violated his duty in refusing to permit relator to' fix this case for trial for some date, or by refusing to fix this cause for trial, or not designating some day upon which relator may have this case tried; that the law is mandatory that the said Honorable J. B. Lee should fix said cause for trial for some particular day, and not discretionary, and that relator has no other adequate means of relief known to the law except by mandamus; that he is entitled to a writ of mandamus ordering the Honorable J. B. Lee to fix this cause for trial, or show cause to the contrary; that he has given notice to him and to the defendant, or his attorneys, that he would apply to the Supreme Court for a writ of mandamus to compel the Honorable J. B. Lee to fix this cause, or to permit relator to have said cause fixed for trial.
For cause why the writ prayed for should not issue, the respondent judge ad hoc avers that he was appointed judge ad hoe, and duly qualified to try the cause, and that, in good faith, he proceeded in the trial of said cause to try the various pleas and exceptions filed therein, and had made not less than 14 trips from his home, in Mansfield, to the city of Lake Charles; that he had regularly fixed for trial and tried the said cause on its merits on three different occasions, consuming in the trial at each time a number of days, the last trial culminating on the 28th of June, 1907, in a failure of the jury to agree, and a mistrial was accordingly entered in said cause, and that at each of said trials respondent used every means within his power to secure an agreement of the jury to a verdict in said case, and in good faith has attempted to have the juries impaneled to try said case to reach a verdict therein in order to terminate the said cause which has been long and tedious and expensive to the said parish of Calcasieu, as well as to respondent ; that respondent has within his-own district three large and populous parishes in which there is a large amount of litigation, and then had pending in the parish, of Vernon two large receivership cases involving hundreds of thousands of dollars,, in which a fierce litigation was being waged, and requiring his attendance almost weekly-in the said parish in order to settle and decide motions and pleas filed therein, in addition to which the regular term of his criminal court in the parish of De Soto was soon to convene with a large criminal docket, and. respondent could not say at that time when, a day could be given to said cause without prejudice to respondent’s work in his own district which had been greatly hampered,, delayed, and disorganized already by respondent’s repeated and protracted absence from said district during the various trials of this-cause, and that, while respondent was perfectly willing to fix and try said case again at that time, he was unable to fix a determinate date on which to set it, and that the-Supreme Court was without right to arbitrarily fix said case for any day certain, and thus interfere with and obstruct the other-judicial work which respondent was forced to perform; that the fixing of a date for a trial for the fourth time of said cause was-a matter wholly within the discretion of respondent, which could not be interfered, with or controlled by the court’s writ of mandamus, and, respondent being perfectly willing to try said case at as early a date as-his other duties would permit him to do, the alternative writ which had issued should be-recalled; that the allegations in relator’s petition that relator was responsible for there-having been no verdict in said cause was. absolutely untrue and gratuitously false, and. made by relator without any foundation, therefor. The further charge that respondent permitted the jury to separate at night by allowing them access to the district court *889 room was true, respondent having spme regard for the comfort and convenience of said jury, and not being brutal enough and heartless enough to keep them confined in what is called the “jury room,” a place utterly without comforts or conveniences, and too small to comfortably accommodate them, for which reason respondent permitted them at night to occupy the large courtroom in order that they might have the comfort of the electric fans, and the additional room there afforded, but he denied that his discretion in such matters could be controlled by the Supreme ■Court, it being within his discretion as to whether he would sequester the jury trying said case or not, and, if he did so sequester them, to make their confinement as little inconvenient as possible.
The action of the respondent judge was sworn to by himself.
The minutes of the district court for the parish of Calcasieu of the 26th of June, 1907 (annexed to relator’s application), shows that on that day the jury in the case of the State of Louisiana v. David J. Reid appeared in open court, and reported through their foreman that they could not agree on a verdict, and that two of their number were sick; that thereupon the court requested the relator to suggest some physician who, in common with the coroner, would examine the juror Duhan, which was accordingly done, after which said physician reported to the court that he was unable to further serve on account of physical disability, whereupon the presiding judge ordered a mistrial and discharged the jury. The acting district attorney then moved the court to fix the case for July 22, 1907. The court refused to fix it for that date, to which relator excepted. Then relator moved to fix the case at as early a date as was possible for the court to try the same, the exact date to be designated by the court.
“By the Court: The court is not in a position at this time to designate any date. The Twelfth judicial court of Louisiana has not been abolished, and the court, unless he avails himself of a constitutional provision of two months’ vacation, will be holding court in the parishes of Vernon and Sabine during the month of appeal in the month of July and criminal court in the parish of De Soto during the month of August. This case has been tried by a jury three times, and in each case a mistrial resulting. I cannot neglect the entire Twelfth judicial district of Louisiana to continually come here and try this case except at such time as can suit my convenience, and not conflict with my regular term of court in the Twelfth judicial district. I will try this case at the earliest date that I can possibly do so.”
In the brief filed on behalf of the respondent judge, it is urged that the question here presented is whether the Supreme Court can by mandamus control the district court in .the fixing and the order of the trial of its cases; that, while it has general supervisory jurisdiction over inferior courts which may be exercised by appropriate.writs, it is without right to take into its hands the fixing of cases and the general order of business in the district courts. That such matters lie in the sound discretion of the district judges, and that such sound discretion is beyond the regulation and control of the upper court, is elementary. The upper court can only interfere upon allegation and showing of oppressive and illegal conduct on the part of the district judge, or refusal to perform his duty. The respondent has not refused to try the case. He is willing to try, and will try. I-Ie has already tried it three times with a jury, in addition to trying various pleas and exceptions. In due course he will again assign and try the case at such time as will least disorganize and interfere with the business of his own district. The refusal to try would present a different question. What the respondent insists upon (and he insists upon it with all the earnestness he can command) is that one litigant shall not have the right to monopolize the time and attention of the court. Having already given to the case in question five times as much attention as he has to any ease pending in his own district, *891 respondent insists that he shall be permitted to give attention to the postponed business of his own large district, and, in the exercise of his sound discretion, to fix for trial the case in question with due regard to other pending litigation, and after having had full opportunity after the disposition of pressing work to systematically arrange for the orderly assignment and trial of all the cases now pending; that to order' the present fixing of the case would necessitate the assignment of a day so far in the future that its speedy determination would be hindered rather than facilitated, because it is the determination of the respondent, unless constrained by the Supreme Court to a contrary course to now give other litigants a chance to be heard.
Opinion.
The fact that district judges are vested with right and authority to exercise discretion in respect to action touching certain subjects does not withdraw from this court, under its present supervisory jurisdiction, control over the exercise by them of that discretion, though it will not lightly interfere in such matters. Each case must stand upon its own facts and circumstances. Relator is correct in stating that this suit is a preference one — which from its character should, in the public interest be promptly decided. It ,is true, also, that from one cause and another the issues raised therein are still open and undetermined after repeated delays. Relator intimates that this result has been brought about by reason of the course which has been followed by the judge throughout the proceedings. We do not think matters in pais are presented to us for decision upon this present application for a mandamus. The only question before us is whether relator has brought before this court his right to the. mandamus claimed under such conditions shown as would make it oqr duty to issue | the writ. The defendant Reid denies any intention on his part of thwarting or throwing: obstacles in the way of a decision of the case-He maintains that he had, and still has, the-legal right to demand that the issues involved should be passed upon by a jury, and?, that he is under no legal obligation to waive-his rights in that regard, for the reason that all juries which have been called upon to-pass upon the case have failed to agree upon-a verdict. That legal position is correct. We-cannot under the averments of the judge’s return, which are supported by his oath, impute to him any improper motive, nor place-the delays which have occurred to any improper action on his part. They have to be-ascribed to conditions resulting from the-law as it exists in respect in the trial of: cases, wherein the judge of the district court in which they originated has recused himself, and in respect to the subject of appeal in civil cases, where the juries trying them have successively and repeatedly failed to-agree upon a verdict. So long as the law remains as it is, delays such as have occurred in this case are liable to occur again without power on the part of the upper courts to control the legal situation, however much that situation is to be deplored. The-refusal of the court to fix this case for trial on the 22d of July was wrong, but that particular error cannot be remedied by mandamus, as that day had come and passed before we could reach and grant relief against the error. We do not find that the judge refused to allow relator to suggest any specific-day for the trial of this case other than the-22d of July. He refused himself to designate a particular day for that purpose for reasons assigned. We are of the opinion: that, though those reasons were forcible, they were not sufficient to warrant him in refusing to select a future day fixing the case for the trial, with the avowed purpose of subordinating the day of trial to some undeclared. *893 unknown date, which he would determine later in accordance with what he might conceive would be the just demands of litigants in his own district. If matters were permitted to remain on that basis, this preference case might drift, without a judgment as to defendant’s eligibility, until after the full term for which he had been elected should have expired. If that situation should result from the course which may hereafter be taken by juries trying the ease, the judge will not be responsible for it, nor will he be responsible for the disturbance of business in his own district. This particular ease is complicated by the fact that the trial of the same should be made to conform, if possible, to the situation of affairs in the parish of Calcasieu. In State ex rel. Pintado v. Judge of the Fifteenth Judicial District Court, 25 La. Ann. 149, this court on an application to it for a mandamus upon the district judge assigned itself a particular day for the trial of the case. That order was an unusual one (State v. Judge, 15 La. 521), but it was predicated on the fact that it put an end to the delays which would have inevitably followed, had not a day certain been at once assigned. It was an order calculated to bring about the best results to be drawn from the existing situation. If from any cause that case could not (for good reasons) have been taken up for trial on that day, it could have been postponed by the court from day to day until it could be taken up.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the mandamus applied for herein be granted, and that the respondent judge set down the case of the State of Louisiana ex rel. Morris R. Stewart v. David J. Reid, No. 5295, of the district court for the parish of Calcasieu, for trial with preference over all other cases on the second day of the next jury term of that court.